UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ELLEN TRACY HOLDINGS LLC,

                        Plaintiff,                      23-cv-2957 (PKC)

      -against-                               ORDER

DAYTONA APPAREL GROUP LLC,

                        Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Petitioner Ellen Tracy Holdings LLC ("Ellen Tracy") seeks to confirm an arbitration award directing respondent Daytona Apparel Group LLC ("Daytona") to pay Ellen Tracy the sum of $1,581,591.62 (the "Award"). Daytona has not opposed the petition or otherwise appeared in this action. The petition will be granted.

DISCUSSION

        Subject matter jurisdiction is premised on diversity of citizenship. 28 U.S.C. § 1332(a)(1). Ellen Tracy is a limited liability company whose members are citizens of New Jersey. (ECF 9 ¶ 4.) Daytona is a limited liability company whose members consist of natural persons who are citizens of Connecticut as well as Daytona Apparel Holdings, LLC, a limited liability company whose sole member is WB Daytona, LLC, which is a limited liability company whose members are citizens of Connecticut. (Id. ¶¶ 5-8.) There is complete diversity of citizenship between the parties and the amount demanded exceeds $75,000. Venue is proper in this District. 9 U.S.C. § 9, (ECF 9, Ex. F ¶ 26).

1

Under the FAA, when parties have agreed that a court may enter judgment upon an arbitration award, "any party to the arbitration may apply to the court [specified in their agreement] for an order confirming the award."  9 U.S.C. § 9.  The court "must grant such an order unless the award is vacated, modified, or corrected" pursuant to sections 10 and 11 of the FAA.  Id.; Hall St. Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008).  The "court's function in confirming or vacating an arbitration award is severely limited." Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997) (quoting Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp., 274 F.2d 805, 808 (2d Cir. 1960)).  The confirmation of an arbitration award is normally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)).  An arbitrator's award is entitled to "great deference" and should be confirmed as long as there is a "barely colorable justification for the outcome reached."  Id.; Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 103 (2d Cir. 2013).

Here, Ellen Tracy and Daytona were parties to a license agreement (the "License Agreement"), pursuant to which Daytona agreed, among other things, to pay certain royalties and make certain expenditures towards marketing and promotional activities.[1]  (ECF 9 ¶¶ 12-13, Ex. F.)  The License Agreement contained an arbitration provision stating that any and all disputes arising out of or relating to the License Agreement shall be settled by arbitration in New York City.  (Id., Ex. F ¶ 26.)

---

[1] Daytona entered into the License Agreement with Brand Matter, LLC on October 5, 2020.  (ECF 9 ¶ 12, Ex. F.)  Ellen Tracy became the successor-in-interest to Brand Matter, LLC on July 30, 2021.  (ECF 9 ¶ 14.)

Daytona stopped making its required payments as of January 1, 2022, and unilaterally terminated the License Agreement on April 13, 2022. (ECF 9 ¶ 15.) On or about June 30, 2022, Ellen Tracy filed an arbitration demand with the American Arbitration Association (the "AAA") seeking an award of at least $1,300,576.67 (the "Statement of Claim"). (Id. ¶ 17, Ex. G.) Upon the consent of both parties, an arbitrator was appointed on August 25, 2022, and a notice of appointment was delivered to all parties, including counsel for Ellen Tracy, Daytona's outside counsel, and Daytona's in-house counsel. (ECF 9 ¶ 18.) Daytona's outside counsel, Mr. S. Preston Ricardo, later notified the AAA on September 19, 2022, of his firm's withdrawal from its representation of Daytona. (Id. ¶ 19, ECF 6 ¶ 4.) Daytona did not participate in the arbitration proceedings thereafter, and did not attend the December 15, 2022 arbitration hearing. (ECF 9 ¶¶ 19-20, Ex. A at 1; ECF 6 ¶¶ 4-5.)

The arbitrator issued the Award on January 23, 2023. (ECF 9, Ex. A.) The Award directed Daytona to pay Ellen Tracy a total of $1,581,591.62. (ECF 9 ¶ 21, Ex. A at 1.) The AAA delivered a copy of the Award to both parties on January 23, 2023. (ECF 9 ¶ 22, Ex. I.) Ellen Tracy timely filed its instant petition on April 7, 2023, within one year of the date of the Award. 9 U.S.C. § 9. Daytona has not opposed the petition or moved to amend, vacate, or set aside the Award.

Ellen Tracy submitted a Statement of Claim to the arbitrator asserting claims for breach of contract and an account stated, and detailing Daytona's obligations under the License Agreement and its violations thereof. (ECF 9, Ex G.) It annexed three unpaid invoices and a copy of the letter that Ellen Tracy sent to Daytona providing notice of the breaches. (Id.) "[H]aving duly heard the proofs and allegations," the arbitrator issued the Award directing Daytona to pay Ellen Tracy $1,515,567.67 in total damages on its breach of contract claim,

$43,834.95 in attorneys' fees and costs, $16,175.00 in administrative fees and expenses paid to the AAA, and $6,014.00 in fees paid to the arbitrator. (ECF 9 ¶ 21, Ex. A at 1.) The Award explained that "[n]o award [was] made on Claimant's claim for an account stated as Claimant conceded during the hearing and in its Post-Hearing Brief that the damages sought [were] duplicative of the breach of contract damages awarded." (Id., Ex. A at 1.) The Award also noted that Daytona initially appeared through counsel but thereafter failed to participate in the proceedings or appear at the hearing, despite being duly notified. Accordingly, there is a colorable basis for the Award and the Award is confirmed in all respects. See D.H. Blair & Co., 462 F.3d at 110. As specified in the Award, Ellen Tracy is entitled to prejudgment interest at a rate of 9% per annum from the date of the Award. (ECF 9, Ex. A at 1); N.Y. C.P.L.R. §§ 5001, 5004.[2]

CONCLUSION

The petition to confirm the Award is GRANTED. (ECF 9.) Petitioner is awarded $1,581,591.62, plus interest at the rate of 9% per annum from the date of the Award to the date of judgment.[3] Petitioner shall submit a proposed judgment within 21 days of this Order.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
         June 6, 2023

---

[2] Although the License Agreement provides that "[i]f Licensee fails to pay to Licensor any sum owing hereunder in full when due, Licensee shall pay interest on the unpaid balance owing from and including the date the payment becomes due until the date of payment . . . ," (ECF 9, Ex. F ¶ 24), the Award specifies that Daytona "shall pay Claimant post-award interest at the rate of 9% per annum from the date of this Award," (id., Ex. A at 1).
[3] In a letter to the Court dated May 22, 2023, Ellen Tracy stated that "[t]o avoid the need for an inquest, Petitioner will forego any right to seek attorneys' fees, costs, and disbursements." (ECF 18.)