UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ELLEN TRACY HOLDINGS LLC,

                Plaintiff/Judgment-Creditor,

  -against-

DAYTONA APPAREL GROUP LLC,

                Defendant/Judgment-Debtor.
-------------------------------------------------------x

Case No. 1:23-cv-02957

**STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF <u>CONFIDENTIAL INFORMATION</u>**

WHEREAS, Judgment Creditor Ellen Tracy Holdings LLC ("ETH") and Non-Party Centric Socks LLC ("Centric") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to the New York Civil Practice Law and Rules and Rule 26 of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to information and documents produced by Centric in response to the Subpoena Duces Tecum dated August 28, 2023, served by ETH (the "Subpoena"):

1.    ETH and Centric are entering into this Stipulation to facilitate the production by Centric of documents and information that Centric believes, in good faith, merit confidential treatment.

2.    Centric may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents and information produced in response to the Subpoena by notation on each page of the document so designated, by written notice to counsel for ETH, or by other appropriate means.

3. As used herein:

(a) "Confidential Information" means all documents and information contained therein and other information designated as confidential, if such documents or information contain or constitute trade secrets, proprietary business information, competitively sensitive information, financial information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients. Information and documents designated as Confidential Information will be stamped "CONFIDENTIAL."

(b) "Highly Confidential – Attorneys' Eyes Only Information" means any Confidential Information that is of such a private, sensitive, competitive, or proprietary nature that disclosure to persons other than those identified in paragraph 5.1 hereof would reasonably be expected to cause irreparable harm or materially impair Centric's competitive position or interests. A designation of Confidential Information as Highly Confidential – Attorneys' Eyes Only Information constitutes a representation that such Confidential Information has been reviewed by an attorney (either in-house or outside counsel) and there is a valid basis for such a designation. Information and documents designated as Highly Confidential – Attorneys' Eyes Only Information will be stamped "Highly Confidential – AEO."

4. ETH may, at any time, notify Centric that ETH does not concur in the designation of a document or other material as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. If Centric does not agree to declassify such document or material, ETH may seek a conference with the Court, pending which the documents or materials shall continue to be treated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. If ETH does not seek a conference with the Court within five (5) days of Centric's

response to the request to declassify, the documents or materials shall continue to be treated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.

5. Except with the prior written consent of Centric or by Order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

(a) personnel of the undersigned parties actually engaged in assisting in the enforcement of the Judgment in this action (the "Judgment") and who have been advised of their obligations hereunder;

(b) counsel for the undersigned parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the enforcement of the Judgment, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) expert witnesses or consultants retained by the undersigned parties or their counsel to furnish technical or expert services in connection with the enforcement of the Judgment; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with Paragraph 7 hereof;

(d) the Court and court personnel in connection with the enforcement of the Judgment subject to and in accordance with Paragraph 8 hereof;

(e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer provided such portion of the deposition transcript is designated Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, as the case may be;

(f) trial and deposition witnesses subject to and in accordance with Paragraph 8 hereof; and

(g) any other person agreed to by the undersigned parties.

5.1 Except with the prior written consent of Centric or by Order of the Court, Highly Confidential – Attorneys' Eyes Only Information shall not be furnished, shown, or disclosed to any person or entity except to those identified in paragraph 5(b)-(g).

6. Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall be utilized by ETH and its counsel only for purposes of enforcing the Judgment against Daytona and for no other purposes.

7. Before any disclosure of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information is made to any person pursuant to paragraphs 5(c) or 5.1(c) hereof, counsel for ETH shall secure said person's written agreement, in the form of Exhibit "A" attached hereto, to comply with and be bound by the terms of this Order.

8. Should the need arise for any of the parties to disclose Confidential Information or Highly Confidential – Attorneys' Eyes Only Information during any deposition, hearing, or trial, including through argument or the presentation of evidence, and the parties cannot resolve any disputes over the disclosure of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, the parties may seek a conference with the Court.

9. If ETH seeks to file with any court any documents which have previously been designated as comprising or containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information or Highly Confidential – Attorneys' Eyes Only

Information, ETH shall provide Centric with reasonable advance notice of ETH's intentions; in the event the parties cannot resolve the issues, the parties may seek a conference with the Court.

10. **Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.**

11. Any person receiving Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

12. Any document or information that may contain Confidential Information or Highly Confidential – Attorneys' Eyes Only Information that has been inadvertently produced without identification as to its "confidential" or "highly confidential – attorneys' eyes only" nature

may be so designated by Centric by written notice to ETH identifying the document or information as "confidential" or "highly confidential – attorneys' eyes only" within a reasonable time following the discovery that the document or information has been produced without such designation.

13. Extracts and summaries of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

14. The production or disclosure of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall in no way constitute a waiver of Centric's right to object to the production or disclosure of other information in this action or in any other action.

15. This Stipulation is entered into without prejudice to the right of any party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure, the New York Civil Practice Law and Rules, or other applicable law.

16. The provisions of this Stipulation shall, absent prior written consent of the undersigned parties, continue to be binding after the conclusion of this action and satisfaction of the Judgment.

17. Nothing herein shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents produced during discovery.

18. Within sixty (60) days after the satisfaction in full of the Judgment, all Confidential Information or Highly Confidential – Attorneys' Eyes Only Information produced or designated and all reproductions thereof, shall be returned to Centric or shall be destroyed, at

the option of ETH.  If ETH chooses to destroy physical documents, it shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such documents, and that such documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility.

19. This Stipulation may be changed by further Order of this Court and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

Dated: New York, New York
       November 2, 2023

| LAW OFFICE OF ARIEL BERSCHADSKY | PRYOR CASHMAN LLP |
|---|---|
| By: *Ariel Berschadsky* | By: *[signature]* |
| Ariel Berschadsky | Todd B. Marcus |
| 30 Wall Street, 8th Floor | 7 Times Square |
| New York, NY 10005 | New York, NY 10036 |
| (212) 372-3322 | (212) 421-4100 |
| ab@berschadsky.com | tmarcus@pryorcashman.com |
| *Attorneys for Ellen Tracy Holdings LLC* | *Attorneys for Centric Socks LLC* |

SO ORDERED: *P. Kevin Castel*

11/7/2023

EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ELLEN TRACY HOLDINGS LLC,                    Case No. 1:23-cv-02957

       Plaintiff/Judgment-Creditor,

  -against-                                    **AGREEMENT WITH RESPECT**
                                                   **TO CONFIDENTIAL MATERIAL**
DAYTONA APPAREL GROUP LLC,

       Defendant/Judgment-Debtor.
------------------------------------------------------------------x

      I, _____, state that:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____
_____.

4.    I have carefully read and understand the provisions of the annexed Stipulation for the Production and Exchange of Confidential Information (the "Stipulation") entered in the above-captioned action.  I will comply with all provisions of the Stipulation. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information that is disclosed to me.

5.    I will return all Confidential Information or Highly Confidential – Attorneys' Eyes Only Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.

6.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation in this action.

                                                By:  _____

                                                Dated: